**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Austin Traylor, | No. CV-25-00404-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Patrick Traylor challenges the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI. Magistrate Judge Michael A. Ambri issued a Report and Recommendation ("R&R"), recommending that the Commissioner's decision be affirmed. (Doc. 25.) Plaintiff filed an Objection (Doc. 26), to which the Commissioner responded (Doc. 27).

## I.    Background

After Plaintiff's applications for disability insurance benefits and supplemental security income were denied at the initial level and upon reconsideration, Administrative Law Judge ("ALJ") TinTin Chen held a hearing and two supplemental hearings, and thereafter issued a decision finding Plaintiff not disabled. (AR 33-46.) The Appeals Council denied review (AR 1-3), rendering the ALJ's decision the final decision of the Commissioner.

The ALJ followed the five-step sequential evaluation process set forth in the Social

Security regulations.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged disability onset date of October 12, 2021.  (AR 36.)  At Step Two, the ALJ found that Plaintiff's intellectual disability is a severe impairment. (*Id.*)  At Step Three, the ALJ found that Plaintiff's intellectual disability does not meet or medically equal the severity of a listed impairment, analyzing Listing 12.05 and finding that neither the requirements of Paragraph A nor those of Paragraph B are satisfied.  (AR 37-39.)  In evaluating the paragraph B criteria, the ALJ determined that Plaintiff has mild to moderate—but not extreme or marked—limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself.  (AR 38-39.)

At Step Four, the ALJ found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with non-exertional limitations: he is limited to simple and routine tasks; instructions should be given to him verbally or by demonstration, "but never exclusively in written form"; he "should never be asked to conduct arithmetic computations"; and he "can have only occasional interaction with the public."  (AR 39-40.)  In determining Plaintiff's residual functional capacity, the ALJ discounted the opinions of treating source Dr. Sara S. Fyre, finding them inconsistent with the results of Dr. Fyre's neuropsychological evaluation and with other record evidence, such as Plaintiff's consultative examination results and the testimony of impartial medical expert Dr. Jay Toews.  (AR 40-41, 43-44.)

---

[1] At Step One of this process, an ALJ must determine whether a claimant is doing substantial gainful activity; if so, the claimant will be found not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  At Step Two, the ALJ determines whether the claimant has a severe medically determinable impairment that meets the duration requirement; if not, the claimant will be found not disabled.  *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  At Step Three, the ALJ determines whether the claimant has an impairment that meets or equals the severity of a listed impairment; if so, the claimant will be found disabled.  *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  At Step Four, the ALJ determines whether the claimant can perform past relevant work given his or her residual functional capacity; if so, the claimant will be found not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  Finally, at Step Five, the ALJ determines whether the claimant can adjust to other work given his or her residual functional capacity, age, education, and work experience; if so, the claimant will be found not disabled.  *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

- 2 -

At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform given his age, education, work experience, and residual functional capacity, and that Plaintiff therefore is not disabled within the meaning of the Social Security Act. (AR 45-46.) Specifically, the ALJ found that Plaintiff can perform work as a Hand Packager, DOT 920.587-018; Janitor, DOT 381.687-018; and Marker, Retail Trade, DOT 209-587-034. (AR 45.)

In his Opening Brief, Plaintiff challenges the ALJ's rejection of Dr. Fyre's treating source statement, and he argues that the administration failed to demonstrate at Step Five that jobs exist in significant numbers that are consistent with Plaintiff's residual functional capacity. (Doc. 19.) The R&R finds that substantial evidence supports the ALJ's decision to discount the opinions in Dr. Fyre's treating source statement given inconsistencies between those opinions and other record evidence. (Doc. 25 at 6-10.) The R&R further finds that the ALJ did not err in relying on the vocational expert's testimony regarding jobs that Plaintiff can perform given his residual functional capacity. (*Id.* at 10-14.)

## II.     Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence and based on the application of correct legal standards." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 948, 954 (9th Cir. 2002). It is "more than a scintilla, but less than a preponderance." *Id.* In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "weigh both the evidence that supports and the evidence that detracts from the ALJ's factual conclusions." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks omitted). The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks omitted). When evidence "is susceptible to more than one rational interpretation, one of which supports the ALJ's decision," the Court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954. The Court may may consider "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Error in a social security determination is subject to harmless-error analysis. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). An error is harmless if it "was inconsequential to the ultimate nondisability determination." *Id.* at 1055.

## III.    Discussion

In his Objection, Plaintiff argues that his standardized test scores require a finding of disability, and that the jobs cited by the ALJ exceed his residual functional capacity. (Doc. 26.) The Court reviews these issues de novo. The Court finds no error in the unobjected-to portions of the R&R, and will accept and adopt the unobjected-to portions.

### A.    Standardized Test Scores

Plaintiff argues in his Objection that his standardized test scores "are dispositive of marked (or greater) limitations in the functional domains of understanding, remembering,

or applying information and adapting or managing oneself," and that the "scores overwhelmingly indicate impairment across neurocognitive domains in the low-average to impaired range." (Doc. 26 at 2, 6.) Plaintiff supports his argument using regulations applicable to child claims, arguing that "no legal precedent or policy indicat[es] judicial intent against extending" the same standards to adult claims. (*Id.* at 4.)

Plaintiff has not shown that the ALJ erred in interpreting his neuropsychological examination results or in finding them inconsistent with Dr. Fyre's opinions. Furthermore, even assuming Plaintiff's interpretation of the examination results is correct, Plaintiff has not shown that his standardized test scores are alone dispositive of the issues of the persuasiveness of Dr. Fyre's opinions or whether Plaintiff has significant limitations in adaptive functioning for purposes of the Paragraph B requirements of Listing 12.05, and Plaintiff fails to grapple in his Objection with the other evidence on which the ALJ relied. Evidence about adaptive functioning for purposes of Paragraph B may come not only from standardized test scores, but also from medical sources, third-party information, school records, employer reports, and the claimant's statements regarding daily activities. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00H(3)(b). The persuasiveness of medical opinions depends heavily on whether the opinions are supported by objective medical evidence and consistent with other evidence from medical and nonmedical sources. *See* 20 C.F.R. § 404.1520c(b)(2), (c)(1)-(2); *id.* § 416.920c(b)(2), (c)(1)-(2). Here, the ALJ appropriately considered not only the results of Plaintiff's neuropsychological examination but also the results of Plaintiff's consultative examination, the testimony of Dr. Toews, Plaintiff's work history at Pizza Hut, and Plaintiff's activities of daily living. (*See* AR 39-44.) The ALJ found that Plaintiff performed adequately in his job at Pizza Hut for seven years on a part-time basis; that the record evidence did not support a finding that cognitive limitations prevented him from being able to work there full time; that the employment ended not due to cognitive limitations but due to knee pain (which the ALJ found had a duration of less than 12 months and therefore was a non-severe impairment); and that Plaintiff's consultative examination and Dr. Toews's testimony indicated Plaintiff is capable of

working full-time.  (AR 37, 41-44.)

As the R&R recognizes (Doc. 25 at 10), "[i]f the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (internal quotation marks omitted).  Even assuming that Plaintiff's neuropsychological examination results could rationally support a finding of marked limitations in Paragraph B areas, under the applicable standard of review, that is insufficient to warrant overturning the ALJ's decision, because other substantial evidence in the record supports the ALJ's non-disability determination, and Plaintiff has not shown any legal error in the ALJ's decision.

### B.    Vocational Expert Testimony and Step Five Finding

Plaintiff argues in his Objection that the Hand Packager and Marker jobs identified by the vocational expert require the application of basic math skills, which exceeds Plaintiff's residual functional capacity.  (Doc. 26 at 6-8.)  According to the Dictionary of Occupational Titles, the jobs of Hand Packager and Marker, Retail Trade may require recording numbers, comparing numerical entries, weighing containers, and adjusting quantities.  The Court agrees with the R&R that these tasks require only the ability to count, which is distinct from the ability to conduct arithmetic computations.  (Doc. 25 at 14.)  Accordingly, even though Plaintiff's residual functional capacity limits him from conducting arithmetic computations, he has not shown that the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles or that the ALJ erred in relying upon it at Step Five.  Furthermore, the job of Janitor requires no counting or math-related tasks, and it exists in significant numbers in the national economy; therefore any error by the ALJ in relying on the vocational expert's testimony with respect to the Hand Packager and Marker jobs was harmless.

**IT IS ORDERED**:

1. Plaintiff's Objection (Doc. 26) is **overruled**.

2. The Report and Recommendation (Doc. 25) is **accepted and adopted** in full.

3. The final decision of the Commissioner is **affirmed**.

- 6 -

4. The Clerk of Court is directed to enter a final judgment in favor of the Commissioner, and to close this case.

Dated this 20th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge